UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL DUNLAP,

    Petitioner,                             Civil No. 2:22-CV-11719
                                            HONORABLE SEAN F. COX
v.                                          CHIEF UNITED STATES DISTRICT JUDGE

BRYAN MORRISON,

    Respondent,
_____/

**OPINION AND ORDER TRANSFERRING THE CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Darnell Dunlap, ("Petitioner"), confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction out of the Oakland County Circuit Court for second-degree murder, Mich. Comp. Laws § 750.317, and being a third felony habitual offender, Mich. Comp. Laws § 769.11.

This Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3)(A) and orders the Clerk of the Court to transfer the case to the Court of Appeals so that petitioner may seek permission to proceed.

**I. BACKGROUND**

Petitioner was convicted of the above charges by a jury in the Oakland County Circuit Court. Following the exhaustion of his state court remedies, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was denied in part because several claims were procedurally defaulted and in part because several of his claims lacked merit. *Dunlap v. Woods*, No. 14-cv-11537, 2016 WL 1594428 (E.D. Mich. Apr. 21, 2016); *app. dism.* No. 16-1772 (6th Cir. Dec. 15, 2016); *cert. den. sub nom Dunlap v. Horton,* 137 S. Ct. 1596 (2017).

1

Petitioner in his current habeas petition again seeks relief from his conviction.

## II. DISCUSSION

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.")

Petitioner previously filed a habeas petition with the federal courts challenging his second-degree murder conviction, which was denied on the merits. Although several of the claims were

2

denied for unexcused procedural default, this was nonetheless a ruling on the merits, for the purposes of § 2244(b)(2). *See In Re Cook*, 215 F. 3d 606, 608 (6th Cir. 2000). Petitioner cannot proceed with the issues raised in the present petition without first obtaining permission to file a second or successive habeas petition from the court of appeals.

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

### III. ORDER

Accordingly, it is **ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated: August 5, 2022                          s/Sean F. Cox                
                                               Sean F. Cox
                                               U. S. District Judge